1  Jeffrey D. Skinner (Bar #239214)
   jeffrey.skinner@afslaw.com
2  Brian J. Hamilton (Bar # 311053)
   brian.hamilton@afslaw.com
3  **ARENTFOX SCHIFF LLP**
   44 Montgomery Street, 38th Floor
4  San Francisco, CA  94104
   Telephone:     (415) 757-5500
5  Facsimile:     (415) 757-5501

6  *Attorneys for Defendant Breville USA, Inc.*

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10  DARLETTE SHUEY, CHRISTINA KEY, and          Case No. 3:23-cv-03099-AMO
    DARREN LESLIE, individually and on behalf
11  of all others similarly situated,           **DEFENDANT BREVILLE USA, INC.'S
                                                MOTION TO DISMISS AMENDED
12              Plaintiffs,                      CLASS ACTION COMPLAINT AND TO
                                                STRIKE CLASS ALLEGATIONS**
13        v.
                                                Judge:    Hon. Araceli Martínez-Olguín
14  BREVILLE USA, INC.,                         Date:     November 30, 2023
                                                Time:     2:00 p.m.
15              Defendant.                       Location: San Francisco Courtroom 10

16                                              Action Filed: August 16, 2023

17

18

19

20

21

22

23

24

25

26

27

28

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## TABLE OF CONTENTS

Page

NOTICE OF MOTION ........................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND .................................................................................................. 3

III.    MOTION TO DISMISS STANDARD ............................................................... 5

IV.     ARGUMENT ....................................................................................................... 5

    A.      Plaintiffs' Implied Warranty Claims Fail As A Matter Of Law. ............... 5

        1.      Plaintiffs' implied warranty claims are time-barred. ................... 5

        2.      Plaintiffs' implied warranty claims fail under California common law and Virginia law. ...................................................................... 6

    B.      Plaintiffs' Express Warranty Claim Fails Because No Breach Is Alleged And The Limited Warranty Does Not Cover Design Defects. ................... 8

    C.      Plaintiffs' Fraud-Based Claims Fail For Numerous Reasons. ................. 10

        1.      The ACAC fails to plead fraud with particularity under Rule 9(b). ......... 10

        2.      Plaintiffs' fraud-based claims are barred because they fail to adequately plead Breville's pre-sale knowledge of the alleged defect in the Ovens. .................................................................... 12

        3.      Plaintiffs' fraudulent omission/concealment claim (Count XIII), UTPCPL claim (Count VII), and MCPA claim (Count XI) are barred by the economic loss doctrine. ............................................ 15

        4.      Plaintiffs' FAL claim (Count IV) fails to identify any false statements by Breville that could mislead a reasonable consumer. .......... 16

        5.      The statements Plaintiffs allege in their ACAC are mere puffery and not actionable under state consumer protection laws. ................ 17

    D.      Plaintiffs' UCL, CLRA, And FAL Claims (Counts II-IV) Fail For Independent Reasons. ....................................................................... 18

        1.      Plaintiffs are not entitled to equitable relief under the UCL, CLRA, or FAL because the ACAC alleges an adequate remedy at law. ............. 18

        2.      Plaintiffs' UCL claim fails to allege unlawful or unfair conduct. ......... 19

    E.      Plaintiffs' Unjust Enrichment Claim (Count XII) Fails Because Breville's Limited Warranty Is A Written Contract Between the Parties. .......... 20

    F.      "Declaratory Relief" (Count XIV) Is Not An Independent Cause Of Action. ...... 21

    G.      Plaintiffs' Class Claims Should Be Stricken Because They Are Not Amenable To Class Treatment. .................................................... 21

        1.      The proposed classes are fatally overbroad. ............................. 21

        2.      The proposed classes are not ascertainable. ............................. 23

        3.      Plaintiffs cannot satisfy Rule 23(a)'s requirement of typicality. ............. 24

        4.      Plaintiffs cannot satisfy Rule 23(b)(3)'s predominance requirement. ....... 24

V.      CONCLUSION .................................................................................................. 25

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- i -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

1

**TABLE OF AUTHORITIES**

2

**Cases**                                                                                                    **Page(s)**

3

*Allen v. FCA US LLC*,

4

    No. 6:17-CV-00007, 2017 WL 1957068 (W.D. Va. May 10, 2017) ...................................... 17

5

*Andren v. Alere, Inc.*,

    207 F. Supp. 3d 1133 (S.D. Cal. 2016) ................................................................................ 13

6

*Antman v. Uber Techs., Inc.*,

7

    No. 15-CV-01175-LB, 2018 WL 2151231 (N.D. Cal. May 10, 2018)...................................... 19

8

*Anunziato v. eMachines, Inc.*,

9

    402 F. Supp. 2d 1133 (C.D. Cal. 2005) ................................................................................ 8

10

*Ashcroft v. Iqbal*,

    556 U.S. 662 (2009) ......................................................................................................... 5, 8

11

*Ashgari v. Volkswagen Group of Am., Inc.*,

12

    42 F. Supp. 3d 1306 (C.D. Cal. 2013) .......................................................................... 11, 15

13

*Astiana v. Hain Celestial Group, Inc.*,

14

    783 F.3d 753 (9th Cir. 2015)................................................................................................ 20

15

*Baba v. Hewlett-Packard Co.*,

    No. C 09-05946 RS, 2011 WL 317650 (N.D. Cal. Jan. 28, 2011) ................................... 14, 15

16

*Beard Plumbing & Heating, Inc. v. Thompson Plastics, Inc.*,

17

    152 F.3d 313 (4th Cir. 1998)................................................................................................. 7

18

*Berenblat v. Apple, Inc.*,

19

    No. 08-4969 JF (PVT), 2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) .................................. 15

20

*In re Big Heart Pet Brands Litig.*,

    No. 18-cv-00861-JSW, 2019 WL 8266869 (N.D. Cal., Oct. 4, 2019)............................. 15, 16

21

*Birdsong v. Apple, Inc.*,

22

    590 F.3d 955 (9th Cir. 2009)................................................................................................ 8

23

*Bostick v. Gen. Motors, LLC*,

    5:19-cv-02451-VAPSPx, 2020 WL 13283478 (C.D. Cal. July 22, 2020)........................... 20

24

*Buckley v. Align Tech., Inc.*,

25

    No. 5:13–CV–02812–EJD, 2014 WL 3778921 (N.D. Cal. July 31, 2014) ............................ 7

26

*Cadlo v. Owens-Illinois, Inc.*,

27

    125 Cal. App. 4th 513 (2004) .............................................................................................. 12

28

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
   824 F.3d 1156 (9th Cir. 2016)..................................................................... 5

*Castano v. Am. Tobacco Co.*,
   84 F.3d 734 (5th Cir.1996)......................................................................... 25

*Castillo v. Bank of Am., NA*,
   980 F.3d 723 (9th Cir. 2020)....................................................................... 24

*Catalan v. Koki Holdings Am., Ltd.*,
   No. CV 21-1451-MWF (AFMx), 2021 WL 2791630 (C.D. Cal. Apr. 5, 2021) ................... 18

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008)....................................................................... 7

*Coffen v. Home Depot U.S.A. Inc.*,
   No. 16-CV-03302-PJH, 2016 WL 4719273 (N.D. Cal. Sept. 9, 2016) ................... 19

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,
   911 F.2d 242 (9th Cir. 1990)....................................................................... 18

*Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*,
   219 F. Supp. 3d 962 (N.D. Cal. 2016) ...................................................... 15

*Cullen v. Netflix, Inc.*,
   880 F. Supp. 2d 1017 (N.D. Cal. 2012) ...................................................... 20

*Davidson v. Apple, Inc.*,
   No. 16-CV-4942-LHK, 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ................... 10

*Drake v. Toyota Motor Corp.*,
   No. 2:20-CV-01421-SB-PLA, 2020 WL 7040125 (C.D. Cal. Nov. 23, 2020)...................... 12

*Earl Brace & Sons v. Ciba-Geigy Corp.*,
   708 F. Supp. 708 (W.D. Pa. 1989) ............................................................ 6

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016)................................................................. 17, 18

*Eisen v. Porsche Cars N. Am., Inc.*,
   No. CV 11-9405 CAS FEMX, 2012 WL 841019 (C.D. Cal. Feb. 22, 2012) ................. 11

*Erickson v. Boston Scientific Corp.*,
   846 F. Supp. 2d 1085 (C.D. Cal. Dec. 12, 2011) ................................... 11, 12

*Friedman v. Mercedes Benz USA LLC*,
   No. CV 12-7204 GAF, 2013 WL 8336127 (C.D. Cal. June 12, 2013).................. 11

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iii -

MOTION TO DISMISS AND TO STRIKE
CLASS ALLEGATIONS
3:23-CV-03099-AMO

*Gardner v. Safeco Ins. Co. of Am.*,
    No. 14-CV-02024-JCS, 2014 WL 2568895 (N.D. Cal. June 6, 2014) ................................... 20

*In re GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994) ........................................................................................... 11

*Gold v. Lumber Liquidators, Inc.*,
    No. 14-CV-05373-THE, 2015 WL 7888906 (N.D. Cal. Nov. 30, 2015) ............................ 11

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) .............................................................................. 19

*Hayes v. Hambruch*,
    841 F. Supp. 706 (D. Md. 1994) ......................................................................................... 12

*Herron v. Best Buy Co.*,
    924 F. Supp. 2d 1161 (E.D. Cal. 2013) ............................................................................... 13

*Hirsch v. BHS Home Appliances Corp.*,
    No. SACV 21-01355-CJC (DFMx), 2022 WL 4596692 (C.D. Cal. July 21, 2022) ........... 8, 10

*Hodsdon v. Mars, Inc.*,
    162 F.Supp.3d 1016 (N.D. Cal. 2016) ................................................................................ 16

*Kas v. Mercedes-Benz USA, LLC*,
    No. CV 11-1032-GHK PJWX, 2011 WL 5248299, (C.D. Cal. Oct. 31, 2011) .................... 23

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................................................. 5, 10, 11

*Kent v. Hewlett-Packard Co.*,
    No. 09-5341 JF PVT, 2010 WL 2681767 (N.D. Cal. July 6, 2010) ....................................... 9

*King v. Flinn & Dreffein Eng'g Co.*,
    No. 7:09-CV-00410, 2012 WL 3133677 (W.D. Va. July 30, 2012) ....................................... 6

*Landau v. Viridian Energy PA, LLC*,
    223 F.Supp.3d 401 (E.D. Pa. 2016) .................................................................................... 17

*Lloyd v. Navy Fed. Credit Union*,
    No. 17-cv-1280-BAS-RBB, 2018 WL 1757609 (S.D. Cal. Apr. 12, 2018) ......................... 24

*Long v. Graco Children's Prods., Inc.*,
    No. 13-cv-01257-WHO, 2013 WL 4655763 (N.D. Cal. Aug. 26, 2013) ............................. 7-8

*Loo v. Toyota Motor Sales, USA, Inc.*,
    No. 819CV00750VAPADSX, 2020 WL 4187918 (C.D. Cal. Apr. 10, 2020) ........................ 7

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iv -

MOTION TO DISMISS AND TO STRIKE
CLASS ALLEGATIONS
3:23-CV-03099-AMO

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) ............................................................................. 4, 5

*Milliken v. Jacono*,
   103 A.3d 806 (Pa. 2014) ...................................................................................... 12

*Mocek v. Alfa Leisure, Inc.*,
   7 Cal. Rptr. 3d 546 (Cal. Ct. App. 2003) ............................................................. 6

*Morris v. Osmose Wood Preserving*,
   667 A.2d 624 (1995) ............................................................................................ 16

*Munning v. Gap, Inc.*,
   238 F. Supp. 3d 1195 (N.D. Cal. 2017) ............................................................... 19

*Nosrcia v. Samsung Telecomms. Am., LLC*,
   No. 14-CV-00582-JD, 2015 WL 4967247 (N.D. Cal. Aug. 20, 2015) .................... 16

*In re NVIDIA GPU Litig.*,
   No. C 08-04312 JW, 2009 WL 4020104 (N.D. Cal. Nov. 19, 2009) ........................ 8

*Oda v. DeMarini Sports, Inc.*,
   No. 8:15-cv-02131-JLS-JCG, 2017 WL 10402605 (C.D. Cal. Apr. 27, 2017) ............ 7

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
   96 F.3d 1151 (9th Cir. 1996) ............................................................................... 20

*Ramirez v. Baxter Credit Union*,
   No. 16-CV-03765-SI, 2017 WL 1064991 (N.D. Cal. Mar. 21, 2017) ..................... 21

*Rasmussen v. Apple Inc.*,
   27 F. Supp. 3d 1027 (N.D. Cal. 2014) ................................................................. 18

*Red v. Kraft Foods, Inc.*,
   No. CV 10-1028-GW AGRX, 2012 WL 8019257 (C.D. Cal. Apr. 12, 2012) ............. 23

*Roberts v. L.A. Cnty. Bar Ass'n*,
   129 Cal. Rptr. 2d 546 (Cal. Ct. App. 2003) ......................................................... 21

*Sager v. Hous. Comm'n of Anne Arundel Cnty.*,
   855 F. Supp. 2d 524 (D. Md. 2012) ...................................................................... 17

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ...................................................... 21, 22, 25

*Sandoval v. Ali*,
   34 F. Supp. 3d 1031 (N.D. Cal. 2014) ................................................................. 21

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- v -

MOTION TO DISMISS AND TO STRIKE
CLASS ALLEGATIONS
3:23-CV-03099-AMO

*Sciacca v. Apple, Inc.*,
   362 F. Supp. 3d 787 (N.D. Cal. 2019) ................................................................. 13

*In re Seagate Tech. LLC Litig.*,
   233 F. Supp. 3d 776 (N.D. Cal. 2017) ................................................................. 7

*Shamamyan v. FCA US LLC*,
   No. CV19-5422-DMG, 2020 WL 3643481 (C.D. Cal. Apr. 1, 2020) ..................... 8

*Shin v. Campbell Soup Co.*,
   No. CV17-1082-DMG, 2017 WL 3534991 (C.D. Cal. Aug. 9, 2017) ............. 19, 20

*Sloan v. Gen. Motors LLC*,
   No. 16-cv-07244-EMC, 2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) ............ 9, 15

*Smith v. LG Elecs. U.S.A., Inc.*,
   No. C 13-4361 PJH, 2014 WL 989742 (N.D. Cal. Mar. 11, 2014) .................... 5-6

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ............................................................................... 18

*Sonneveldt v. Mazda Motor of Am., Inc.*,
   No. 8:19-cv-01298-JLS-KES, 2021 WL 62502 (C.D. Cal. Jan. 4, 2021) ........... 18

*Stanwood v. Mary Kay, Inc.*,
   941 F. Supp. 2d 1212 (C.D. Cal. 2012) ............................................................... 16

*Stewart v. Electrolux Home Prods., Inc.*,
   304 F. Supp. 3d 894 (E.D. Cal. 2018) ................................................................... 7

*Stewart v. Electrolux Home Prods., Inc.*,
   No. 1:17-cv-01213-LJO-SKO, 2018 WL 1784273 (E.D. Cal. Apr. 13, 2018) ..... 13

*Stock W., Inc. v. Confederated Tribes of the Colville Reservation*,
   873 F.2d 1221 (9th Cir. 1989) ............................................................................. 21

*Stockinger v. Toyota Motor Sales USA Inc.*,
   No. LACV1700035VAPKLSX, 2017 WL 10574372 (C.D. Cal. July 7, 2017) ..... 9

*Strumlauf v. Starbucks Corp.*,
   192 F. Supp. 3d 1025 (N.D. Cal. 2016) ............................................................... 20

*Tappana v. Am. Honda Motor Co., Inc.*,
   No. CV21-9046 DSF, 2022 WL 2526971 (C.D. Cal. July 5, 2022) ..................... 15

*Tate v. Colony House Builders, Inc.*,
   508 S.E.2d 597 (Va. 1999) .................................................................................. 17

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- vi -

MOTION TO DISMISS AND TO STRIKE
CLASS ALLEGATIONS
3:23-CV-03099-AMO

*In re Toyota RAV4 Hybrid Fuel Tank Litig.*,
    534 F. Supp. 3d 1067 (N.D. Cal. 2021) ................................................................ 12

*Troup v. Toyota Motor Corp.*,
    545 Fed. App'x 668 (9th Cir. 2013).................................................................... 10

*Valencia v. Wells Fargo Home Mortgage Inc.*,
    No. C 14-3354 CW, 2014 WL 5812578 (N.D. Cal. Nov. 7, 2014) ...................... 20

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)............................................................................................ 25

*Watkins v. MGA Ent., Inc.*,
    574 F. Supp. 3d 747 (N.D. Cal. Dec. 10, 2021).................................................. 6, 7

*Watkins v. MGA Entm't, Inc.*,
    550 F. Supp. 3d 815 (N.D. Cal. 2021) .......................................................... 8, 9, 11

*Watson v. Solid Gold Pet, LLC*,
    No. CV 18-6479 PSG, 2019 WL 3308766 (C.D. Cal. Feb. 22, 2019)..................... 7

*Whitaker v. Herr Foods, Inc.*,
    198 F. Supp. 3d 476 (E.D. Pa. 2016) ................................................................. 16

*Williams v. Gerber Prod. Co.*,
    552 F.3d 934 (9th Cir. 2008).............................................................................. 17

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012).......................................................................... 12, 15

*Wolph v. Acer Am. Corp.*,
    No. C 09-01314 JSW, 2009 WL 2969467 (N.D. Cal. Sept. 14, 2009) .................. 14

**Statutes**                                                                        **Page(s)**

15 U.S.C. § 78u-4(b)(1) ......................................................................................... 11

Cal. Civ. Code § 1791.1(c)......................................................................................... 5

Cal. Com. Code § 2314 .............................................................................................. 7

Pa. C.S. § 2316 ........................................................................................................... 6

Va. Code Ann. § 8.2-316 ........................................................................................... 6

**Court Rules**                                                                     **Page(s)**

Fed. R. Civ. P. 9(b) ..........................................................................................*passim*

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- vii -

MOTION TO DISMISS AND TO STRIKE
CLASS ALLEGATIONS
3:23-CV-03099-AMO

Fed. R. Civ. P. 12(b)(6) .......................................................................... 1, 5, 21, 25

Fed. R. Civ. P. 12(f) ................................................................................ 1, 2, 21, 25

Fed. R. Civ. P. 23 .................................................................................... 1, 2, 21, 25

Fed. R. Civ. P. 23(a) ...................................................................................... 21, 24

Fed. R. Civ. P. 23(b) ............................................................................................ 21

Fed. R. Civ. P. 23(b)(3) ...................................................................................... 24

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- viii -

MOTION TO DISMISS AND TO STRIKE
CLASS ALLEGATIONS
3:23-CV-03099-AMO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**NOTICE OF MOTION**</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, November 30, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Araceli Martínez-Olguín in Courtroom 10 of the San Francisco Division of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Breville USA, Inc. ("Breville") will and hereby does move to dismiss the Amended Class Action Complaint filed by Plaintiffs Darlette Shuey, Christina Key, and Darren Leslie ("Plaintiffs") in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, Breville will and hereby does move to strike Plaintiffs' class allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23.

This Motion will be based upon this Notice, the Memorandum of Points and Authorities set forth below, the files and records in this action, the arguments of counsel, and such other further matters adduced at the hearing or of which the Court takes notice.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      <u>INTRODUCTION</u>**

The Amended Class Action Complaint ("ACAC") filed by Plaintiffs Christina Key, Darlette Shuey, and Darren Leslie ("Plaintiffs") claims that the Smart Oven Air Fryer Pro model number BOV900BSSUSC distributed by Defendant Breville USA Inc. ("Breville") "has a propensity to explode spontaneously and without defect" due to the presence of nickel sulfide in its tempered glass window. Because of this alleged defect, Plaintiffs claim that they and the putative class members overpaid for their ovens and assert causes of action under California, Pennsylvania, Virginia, and Maryland law. The ACAC should be dismissed in its entirety under Federal Rules of Civil Procedure 9(b) and 12(b)(6) for a number of reasons.

First, Plaintiffs' claims for breach of implied warranty should be dismissed because they are time-barred. These causes of action also fail because Plaintiffs purchased their ovens from third parties and so Plaintiffs cannot establish the requisite privity with Breville.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

Second, Plaintiffs' express warranty claims under California's Song-Bervely Consumer Warranty Act should be dismissed because the ACAC does not allege any breach by Breville or the specific terms of the warranty that supposedly were breached, and because "materials and workmanship" warranties like Breville's do not apply to a design defect like that alleged by Plaintiffs here.

Third, Plaintiffs' common law and statutory fraud-based claims fail for many reasons. They are not pled with the particularity required under Rule 9(b), and they fail to allege facts establishing Breville's pre-sale knowledge of the alleged defect at the time of sale. Plaintiffs fail to allege facts sufficient to show Breville's pre-sale knowledge of the alleged defect in the ovens. The fraudulent concealment claim and claims under Pennsylvania's and Maryland's consumer protection statutes are barred by the economic loss doctrine because Plaintiffs disclaim on behalf of themselves and the putative classes any recovery for personal injury. The ACAC also fails to allege any false statements that could mislead a reasonable consumer. And Plaintiffs' fraud-based claims fail for the additional reason that the statements that actually are alleged in the ACAC could not deceive a reasonable consumer as a matter of law.

Fourth, Plaintiffs are not entitled to seek equitable relief under California's consumer protection statutes because they have alleged an adequate remedy at law. Plaintiffs' claim under the California Unfair Competition Law fails for the independent reason that no unlawful or unfair conduct by Breville is alleged.

Fifth, Breville's limited warranty is an enforceable, written contract between the parties, so Plaintiff's quasi-contractual unjust enrichment claim fails as a matter of law.

Sixth, Plaintiffs' claim for declaratory relief must be dismissed because it is a remedy, not an independent cause of action.

Alternatively, even if any of Plaintiffs' causes of action somehow survive a motion to dismiss, the class claims should be stricken pursuant to Rule 12(f) because the putative classes are fatally overbroad and Plaintiffs cannot satisfy Rule 23's ascertainability, typicality, or predominance requirements.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     **BACKGROUND**

Breville designs, markets, and distributes a wide array of high-end kitchen appliances, including multifunction smart ovens.  Plaintiffs allege that they each purchased Breville's Smart Oven Air Fryer Pro, model number BOV900BSSUSC (the "Oven") from third-party retailers:  Key allegedly purchased hers online from Williams Sonoma; Shuey allegedly purchased his online from Bed Bath & Beyond; and Leslie allegedly purchased his from a Best Buy store in Maryland. ACAC ¶¶ 44, 52, 65.

Plaintiffs allege that they "researched" the Oven and competitors' products "and considered the quality, reliability, and durability of the manufacturer" in making their purchasing decisions. *Id*. ¶¶ 46, 54, 67.  The ACAC, however, alleges no specific facts identifying the information that Plaintiffs reviewed before purchasing their Ovens, or any explanation about why it allegedly was false or misleading. *Id*. ¶ 179.

Plaintiffs allege that the glass doors on their Ovens "exploded" after the date of purchase. *Id*. ¶¶ 49, 57, 70.  In particular, they claim that each of their Ovens is defective because its front window contains nickel sulfide, which "becomes volatile at higher temperatures," causing the Oven's tempered glass to expand and break without warning. *Id*. ¶¶ 1, 39-43.  Plaintiffs further claim that this alleged defect is caused by "common failures in material and/or workmanship." *Id*. ¶ 39.  Although the ACAC alleges that this defect poses an unreasonable risk of personal injury to consumers, Plaintiffs disclaim on behalf of themselves and the putative classes any claims or recovery for personal injury. *Id*. ¶¶ 76, 106.

Plaintiffs claim that Breville's alleged failure to disclose the supposed nickel sulfide defect caused them and the putative class members to overpay for the Ovens and incur out-of-pocket expenses and actual and potential repair costs for their products. *Id*. ¶¶ 17, 207.  While Plaintiffs themselves did not come across any complaints regarding the Oven's glass during their "research" before purchasing their Ovens, they nonetheless allege that Breville should have been aware of the alleged defect based on anonymous customer complaints posted on various third-party websites. *Id*. ¶¶ 46, 54, 67, 79-81.  Plaintiffs also speculate that Breville's "testing data," repair records, quality control procedures, and "reputation management" resulted in Breville's "[s]uperior and

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

exclusive knowledge of the Defect" when the Ovens were sold, but they allege no facts or details

supporting that conjecture. *Id.* ¶¶ 13, 76–84, 125, 273(3).

The ACAC cites Breville's Limited Product Warranty (the "Limited Warranty") for the

Oven published on Breville's website, which provides, in relevant part:

> **TERMS OF WARRANTY COVERAGE**
>
> 1. Breville hereby provides a limited non-transferable Product Warranty for one (1) year from the date of purchase of the subject product (the "warranty") against defects in product materials or workmanship....
>
> 2. The warranty commences on the date of product purchase in North America by the consumer, or if you are a resident of California, from the date of delivery....
>
> **EFFECT OF THE WARRANTY**
>
> 1. Within the warranty period, Breville may, at its sole discretion,
>
>> (i) repair the product with new or refurbished parts,
>>
>> (ii) replace the product entirely, either with a new or refurbished product at no additional charge to consumer, or
>>
>> (iii) reimburse the consumer the amount of the original purchase price (a "Reimbursement");
>>
>> (iv) replace defective parts that meet the performance specifications of new parts for any applicable Product....
>
> **PRODUCT WARRANTY LIMITATIONS**
>
> 1. Breville's obligation to the consumer under the warranty for any product is limited to the repair, replacement or reimbursement of any defective product or parts pursuant to the terms and conditions of the warranty.
>
> **WARRANTY DISCLAIMERS; LIMITATIONS OF REMEDIES; ACKNOWLEDGMENTS**
>
> 3. EXCEPT AS STATED IN THIS WRITTEN WARRANTY, BREVILLE IS NOT MAKING AND HAS NOT MADE ANY EXPRESS REPRESENTATIONS OR EXPRESS WARRANTIES. ANY IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION WITH RESPECT TO MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED TO THE DURATION OF THIS WRITTEN WARRANTY.

*Id.* ¶¶ 234 n.33, 258 n.34 (citing https://www.breville.com/us/en/support/warranty.html); *see,*

*e.g.*, *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which

the complaint 'necessarily relies' if:  (1) the complaint refers to the document; (2) the document is

central to the plaintiff's claim; and (3) no party questions [its] authenticity ....").

Plaintiffs seek an injunction against future conduct, including an injunction enjoining

Breville from selling the Oven.  *Id.* ¶ 306.  They also seek "legal and equitable relief," including

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

1    compensatory and statutory damages, interest, restitution, disgorgement, and attorneys' fees and

2    costs.  *Id.* at Prayer.

3    **III.     MOTION TO DISMISS STANDARD**

4           "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient

5    factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

6    *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

7    While "a court must accept as true all of the [factual] allegations contained in a complaint," it is

8    well settled that "[t]hreadbare recitals of the elements of a cause of action, supported by mere

9    conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Non-factual allegations that "are

10   no more than conclusions[] are not entitled to the assumption of truth."  *Id.* at 679.  In other words,

11   to survive a motion to dismiss, a complaint must allege sufficient factual support for its legal theory

12   of liability.  *See, e.g.*, *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir.

13   2016).

14          Moreover, claims sounding in fraud, including alleged fraudulent conduct under state

15   consumer protection statutes, must meet the heightened pleadings standards of Rule 9(b).  *Kearns*

16   *v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

17   **IV.     ARGUMENT**

18          **A.     Plaintiffs' Implied Warranty Claims Fail As A Matter Of Law.**

19          Plaintiffs assert claims for breach of implied warranty under California common law (Count

20   I), the California Song-Beverly Consumer Warranty Act (Count V), Pennsylvania law (Count VIII),

21   and Virginia law (Count X).  ACAC ¶¶ 98-103, 121-35, 183-93, 226-41, 250-65.  None of the

22   Plaintiffs specifically allege that the glass of their Ovens shattered within one year of purchase, and

23   all three admit that they bought their Ovens from third parties, not Breville.  ACAC ¶ 44 (Key), ¶

24   52 (Shuey), ¶ 65 (Leslie).  This pleading is fatal to these causes of action.

25          **1.     Plaintiffs' implied warranty claims are time-barred.**

26          Plaintiffs' claims for breach of implied warranty under the California Song Beverly

27   Warranty Act are barred because that statute limits implied warranties to one year after the date of

28   purchase.  Cal. Civ. Code § 1791.1(c); *see, e.g.*, *Smith v. LG Elecs. U.S.A., Inc.*, No. C 13-4361

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

PJH, 2014 WL 989742, at *8 (N.D. Cal. Mar. 11, 2014).  Similarly, Pennsylvania and Virginia law permit implied warranties to be modified, including by limiting their duration. 13. Pa. C.S. § 2316, Va. Code Ann. § 8.2-316; *see, e.g.*, *King v. Flinn & Dreffein Eng'g Co.*, No. 7:09-CV-00410, 2012 WL 3133677, at *12 (W.D. Va. July 30, 2012) (written warranty's "12–month limitation also applied to King's implied warranty claims"); *Earl Brace & Sons v. Ciba-Geigy Corp.*, 708 F. Supp. 708, 710 (W.D. Pa. 1989) ("limitations of warranty are enforceable" under Pennsylvania law "where reasonable").  Breville's Limited Warranty, of course, provides in all-caps text that "ANY IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION WITH RESPECT TO MERCHANTABILITY …, ARE LIMITED TO THE DURATION OF THIS WRITTEN WARRANTY."  ACAC ¶¶ 234 n.33, 258 n.34.

The ACAC is devoid of allegations that any Plaintiff's Oven failed within one year of purchase.  Plaintiff Leslie alleges that he purchased his Oven in December 2019 and the glass shattered over three years later, on February 5, 2023.  ACAC ¶¶ 65, 70.  Plaintiff Shuey claims that she purchased her Oven on January 29, 2022, but the glass shattered one year *earlier*, on February 5, 2021.  *Id.* ¶¶ 52, 57.  And Plaintiff Key alleges that she purchased her Oven "[o]n or around Spring 2021" but does allege the date when its glass shattered.  *Id.* ¶¶ 44, 49.  In other words, none of the Plaintiffs alleges that the supposed defect manifested and rendered their Oven unfit for its ordinary purpose—*i.e.*, cooking—within one year of purchase.  *See, e.g.*, *Mocek v. Alfa Leisure, Inc.*, 7 Cal. Rptr. 3d 546, 549 (Cal. Ct. App. 2003) ("a breach of the implied warranty of merchantability means the product did not possess even the most basic degree of fitness for ordinary use").  Based on these allegations, the implied-warranty claims under the Song-Beverly Act and Pennsylvania and Virginia law are time-barred and must be dismissed.

**2.    Plaintiffs' implied warranty claims fail under California common law and Virginia law.**

It is well settled in California that a plaintiff asserting breach of implied warranty must establish privity, *i.e.*, that she and the defendant comprise adjoining links of the distribution chain. *Watkins v. MGA Ent., Inc.*, 574 F. Supp. 3d 747, 754-56 (N.D. Cal. Dec. 10, 2021).  Likewise, it is black-letter Virginia law that "privity [is] required" to recover economic damages due to a breach

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

of implied warranty.  *Beard Plumbing & Heating, Inc. v. Thompson Plastics, Inc.*, 152 F.3d 313, 319 (4th Cir. 1998); *see also Loo v. Toyota Motor Sales, USA, Inc.*, No. 819CV00750VAPADSX, 2020 WL 4187918, at *6 (C.D. Cal. Apr. 10, 2020) (dismissing claim for implied warranty seeking economic damages under Virginia law for lack of privity).  But consumers like Plaintiffs who purchase products from retailers necessarily lack privity with the manufacturer.  *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008).  In tacit recognition of this fatal flaw in their claim, Plaintiffs attempt to circumvent the privity requirement by alleging in conclusory fashion that they are third-party beneficiaries of Breville's warranty.  ACAC ¶ 127.  This effort fails for at least three reasons.

First, Plaintiffs seek recovery of purely economic damages in this lawsuit.  ACAC ¶ 106; *see also* Section IV(C)(3), *infra* at pp. 15-16.  As such, Plaintiffs' Virginia implied warranty cause of action is barred.

Second, California does not recognize a third-party beneficiary exception to the privity requirement.  *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 786-88 (N.D. Cal. 2017) ("It is difficult to imagine a more thorough nullification of the rule stated in *Clemens* than to hold that consumers, simply by virtue of their status as end users of a product, are implied beneficiaries of distribution contracts between manufacturers and retailers."); *see also Oda v. DeMarini Sports, Inc.*, No. 8:15-cv-02131-JLS-JCG, 2017 WL 10402605, at *3 (C.D. Cal. Apr. 27, 2017) (rejecting "rule-swallowing" third-party beneficiary exception under California law).  In fact, the Ninth Circuit explicitly declined in *Clemens* to create a new third-party beneficiary exception because "California courts have painstakingly established the scope of the privity requirement under [Cal. Com. Code § 2314], and a federal court sitting in diversity is not free to create new exceptions to it."  534 F.3d at 1023-24.  Accordingly, federal courts in California routinely deny plaintiffs' attempts to salvage implied warranty claims using the third-party beneficiary exception.  *See, e.g.*, *id.*; *Watkins*, 574 F. Supp. 3d at 754-56; *Watson v. Solid Gold Pet, LLC*, No. CV 18-6479 PSG (SSx), 2019 WL 3308766, at *6 (C.D. Cal. Feb. 22, 2019); *Stewart v. Electrolux Home Prods., Inc.*, 304 F. Supp. 3d 894, 915 (E.D. Cal. 2018); *Buckley v. Align Tech., Inc.*, No. 5:13–CV–02812–EJD, 2014 WL 3778921 at *6 (N.D. Cal. July 31, 2014); *Long v. Graco Children's Prods., Inc.*, No. 13-

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

1    cv-01257-WHO, 2013 WL 4655763, at *12 (N.D. Cal. Aug. 26, 2013); *Anunziato v. eMachines,*
2    *Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005).

3          Third, even if there were a third-party beneficiary exception here (and there is not), the
4    ACAC contains no specific factual allegations that might establish that Plaintiffs are in fact third-
5    party beneficiaries of the Limited Warranty. *See* ACAC ¶¶ 127-128, 234, 258.  Indeed, the ACAC
6    only makes the bald and baseless assertion that Breville "intended that its warranties applied to
7    Plaintiffs and Class Members as third-party beneficiaries." *Id.*  But such conclusory pleading falls
8    far short of the "well-pleaded facts" required to survive a motion to dismiss. *See, e.g.*, *Iqbal*, 556
9    U.S. at 678-79; *In re NVIDIA GPU Litig.*, No. C 08-04312 JW, 2009 WL 4020104, at *6 (N.D.
10   Cal. Nov. 19, 2009) ("Plaintiffs have failed to allege the existence of a contract involving Defendant
11   for which Plaintiffs are third party beneficiaries.").

12          **B.     Plaintiffs' Express Warranty Claim Fails Because No Breach Is Alleged And
                     The Limited Warranty Does Not Cover Design Defects.**
13

14          Plaintiffs' claim for breach of express warranty under the Song-Beverly Consumer
15   Warranty Act (Count VI) necessarily requires them to plead a breach of California warranty law.
16   *E.g.*, *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958, (9th Cir. 2009).  The ACAC fails to do so here.

17          To plead a cause of action for breach of express warranty in California, a plaintiff must
18   allege (1) the exact terms of the warranty, (2) her reasonable reliance thereon, and (3) a breach of
19   that warranty that causes the plaintiff's injury. *Watkins v. MGA Entm't, Inc.*, 550 F. Supp. 3d 815,
20   830 (N.D. Cal. 2021).  Moreover, a plaintiff must identify the "'specific and unequivocal written
21   statement' … 'relating to the title, character, quality, identity, or condition of the sold goods.'" *Id.*
22   (quoting *Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997) & *In re Sony PS3*
23   *Other OS Litig.*, 551 Fed. App'x 916, 919 (9th Cir. 2014)).  It is black-letter California law that "an
24   express warranty promising only 'to repair or replace any part that was defective in material or
25   workmanship' does not cover defects in design." *Shamamyan v. FCA US LLC*, No. CV19-5422-
26   DMG (FFMx), 2020 WL 3643481, at*4 (C.D. Cal. Apr. 1, 2020); *see also Hirsch v. BHS Home*
27   *Appliances Corp.*, No. SACV 21-01355-CJC (DFMx), 2022 WL 4596692, at *5 (C.D. Cal. July
28   21, 2022) ("'[T]he overwhelming weight of state law authority holds that design defects are not

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

covered' under 'materials and workmanship' warranties.") (quoting *Sloan v. Gen. Motors LLC*, No. 16-cv-07244-EMC, 2017 WL 3283998, at *8 (N.D. Cal. Aug. 1, 2017)).  The ACAC fails to plead a claim for breach of express warranty for at least three reasons.

First, and most fundamentally, no breach of warranty is alleged because not a single Plaintiff actually made a claim to seek relief under the Limited Warranty.  This by itself is fatal to their claims, as a defendant "is not liable for breach of express warranty merely because a product manifests recurring failures during the warranty period.  Rather, the question is whether Plaintiffs sought repairs, refunds, or replacements and, if so, whether [defendant] responded appropriately under the warranty."  *Kent v. Hewlett-Packard Co.*, No. 09-5341 JF PVT, 2010 WL 2681767, at *6 (N.D. Cal. July 6, 2010); *see also, e.g.*, *Stockinger v. Toyota Motor Sales USA Inc*., No. LACV1700035VAPKLSX, 2017 WL 10574372, at *7 (C.D. Cal. July 7, 2017) ("Thus, as Dey has not yet sought to invoke the remedies of his Toyota Comprehensive Warranty, the Court finds Defendant cannot yet be liable for failing to provide these remedies.").  The ACAC does not allege that any of the Plaintiffs made a claim under the Limited Warranty.  Simply put, Plaintiffs cannot pursue claims for breach of a warranty that they did not invoke.

Second, while the ACAC includes a link to the Limited Warranty in two footnotes (¶¶ 234 n.33, 258 n.34), Plaintiffs fail to identify "the specific terms" as to the "title, character, quality, or condition of the sold goods" of that express warranty that applied to their Ovens.  Instead, they only vaguely allege that Breville breached its express warranties.  ACAC ¶¶ 199–200.  This generalized pleading "alone renders the claim insufficient."  *Watkins*, 550 F. Supp.3d at 830.

Finally, Plaintiffs' express warranty claim should be dismissed because their allegations pertain exclusively to Breville's design of the Ovens.  *See, e.g.*, *id.* ¶ 276(3) (alleging Breville "knew with certainty" that *all* of the Ovens would contain the alleged defect).  Indeed, Plaintiffs assert their breach of express warranty claim on behalf of "*all* persons … who own or owned the Oven." *Id.* ¶ 104 (emphasis added).  Moreover, Plaintiffs allege that Breville's "repair" of the Oven is to simply "replace[] the defective glass door with an identical, equally defective part, which does not prevent the recurrence of the issue." *Id.* ¶ 86.  In other words, Plaintiffs allege that the supposed

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

1    nickel sulfide defect is present in *every* Oven that Breville sold.  That it is a design defect not

2    covered by the Limited Warranty.

3            Plaintiffs attempt to salvage this claim by blithely alleging that the supposed nickel sulfide

4    inclusions are the result of "flaws in materials and/or workmanship."  *Id.* ¶¶ 9, 39.  Conspicuously

5    absent from the ACAC, however, is any assertion that the supposed defect is a departure from

6    Breville's design.  Plaintiffs' silence on this issue throughout their 82-page, 306-paragraph pleading

7    is deafening.  District courts properly disregard conclusory allegations that a product suffered from

8    a defect in "materials and workmanship" where, as here, a claim for breach of express warranty

9    actually is premised on a design defect.  *See Hirsch*, 2022 WL 4596692, at *4 (dismissing claim

10   where "there are no allegations that the way the Microwave/Ovens were put together was sloppy

11   or not the intended result"); *Davidson v. Apple, Inc.*, No. 16-CV-4942-LHK, 2017 WL 976048, at

12   *11 (N.D. Cal. Mar. 14, 2017) (dismissing claim because the complaint, "at bottom, alleges a defect

13   in Defendant's design of the iPhone" where materials used in manufacture were "insufficient to

14   protect the iPhone's internal components"); *see also Troup v. Toyota Motor Corp.*, 545 Fed. App'x

15   668, 668-69 (9th Cir. 2013) (complaint must contain "well-pled allegations" demonstrating the

16   existence of "more than a design defect").  The Court should do the same here.

17           **C.      Plaintiffs' Fraud-Based Claims Fail For Numerous Reasons.**

18           The ACAC alleges a cause of action for fraudulent omission or concealment under

19   California common law (Count XIII) and fraud-based violations of six state statutes:  the California

20   Unfair Competition Law ("UCL") (Count II), California Consumer Legal Remedies Act ("CLRA")

21   (Count III), California False Advertising Law ("FAL") (Count IV), Pennsylvania Unfair Trade

22   Practices and Consumer Protection Law ("UTPCPL") (Count VII), Virginia Consumer Protection

23   Act ("VCPA") (Count IX), and Maryland Consumer Protection Act ("MCPA") (Count XI).  Each

24   of these causes of action should be dismissed for several reasons.

25           **1.      The ACAC fails to plead fraud with particularity under Rule 9(b).**

26           Each of Plaintiffs' causes of action sounding in fraud must satisfy Rule 9(b)'s heightened

27   pleading standard.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-27 (9th Cir. 2009) (Rule 9(b)

28   applies to the pleading of a claim "as a whole" if it is "grounded in fraud" because Rule 9(b) applies

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

"irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal"); *Watkins*, 550 F. Supp. 3d at 834 (dismissing fraudulent omission, UCL, and CLRA claims for failure to satisfy Rule 9(b)); *Eisen v. Porsche Cars N. Am., Inc.*, No. CV 11-9405 CAS FEMX, 2012 WL 841019, at *4-5 (C.D. Cal. Feb. 22, 2012) (same); *Gold v. Lumber Liquidators, Inc.*, No. 14-CV-05373-THE, 2015 WL 7888906, at *12 (N.D. Cal. Nov. 30, 2015) (applying Rule 9(b) standard to consumer-protection claims under New York and Illinois statutes because "this Court is … bound by the holding in *Kearns*"); *Friedman v. Mercedes Benz USA LLC,* No. CV 12-7204 GAF (CWx), 2013 WL 8336127, at *6 (C.D. Cal. June 12, 2013) (UCL claim based upon alleged misrepresentations sounds in fraud).

Under that heightened pleading standard, a fraud-based claim must be dismissed where it fails to plead with particularity "the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud." *Erickson v. Boston Scientific Corp.*, 846 F. Supp. 2d 1085, 1090 (C.D. Cal. Dec. 12, 2011).  In other words, to adequately allege a cause of action under Rule 9(b), a plaintiff must state "what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (*en banc*), *superseded by statute on other grounds*, Private Secs. Litig. Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1).  Likewise, to plead fraudulent concealment or omission with particularity, a plaintiff must describe the content of the information that was concealed or omitted, explain "where the omitted information should or could have been revealed," and "provide representative samples of advertisements, offers, or other representations" that fail to include the allegedly omitted information. *Ashgari v. Volkswagen Group of Am., Inc.*, 42 F. Supp. 3d 1306, 1325-26 (C.D. Cal. 2013).  The ACAC fails to set forth the requisite factual pleading here.

All of Plaintiffs fraud-based claims are grounded on the same conduct:  Breville's alleged failure to disclose the supposed nickel sulfide defect in the Ovens' glass.  *See, e.g.*, ACAC ¶¶ 84, 89, 91–97, 139-40, 151-52, 163-68, 176-77, 293-300.  Yet even a cursory review of the ACAC makes clear that it fails to allege any details about the "who, what, where, and how" of the alleged fraud or the imagined omission.  Plaintiffs do not identify any false information in any Breville

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

materials, let alone explain why any such information was false. Plaintiffs also fail to explain why Breville's statements or sales materials that they relied upon (if any) in deciding to purchase their Ovens were incorrect or fraudulent. And they make no attempt to allege where any supposedly omitted information could or should have been disclosed. Simply put, Plaintiffs fail to identify the essential fact in any fraud claim: the specific statement or omission that they relied on in deciding to purchase their Ovens. *See, e.g.*, *Drake v. Toyota Motor Corp.*, No. 2:20-CV-01421-SB-PLA, 2020 WL 7040125, at *11 (C.D. Cal. Nov. 23, 2020) (dismissing claims because "there are no particularized allegations of misconduct underlying the six fraud-based claims that allow Defendants to 'defend against' the claims 'and not just deny that they have done anything wrong'"); *Erickson*, 846 F. Supp. at 1093 (dismissing fraud claims because "the Complaint does not allege the specific content of [alleged] misrepresentations…. [or] when and where the misrepresentations were made, or who made them"); *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 520 (2004) ("The plaintiff must allege the specifics of his or her reliance on the misrepresentation …."). This pleading failure alone is reason to dismiss all of Plaintiffs' fraud-based claims.

### 2. Plaintiffs' fraud-based claims are barred because they fail to adequately plead Breville's pre-sale knowledge of the alleged defect in the Ovens.

A plaintiff alleging deceptive practices and fraud "must sufficiently allege that a defendant was aware of a defect *at the time of sale* to survive a motion to dismiss." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012) (emphasis added); *see also In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1106 (N.D. Cal. 2021) (Virginia Consumer Protection Act requires a "false representation, of material fact, made *intentionally and knowingly*") (emphasis added); *Milliken v. Jacono*, 103 A.3d 806, 811 (Pa. 2014) (Pennsylvania UTPCPL requires disclosure of "a serious and dangerous latent defect *known to exist by the seller*") (emphasis added; citation and internal quotation marks omitted); *Hayes v. Hambruch*, 841 F. Supp. 706, 714 (D. Md. 1994) (defendant "may not be held liable under the [Maryland Consumer Protection Act] for a failure to state a material fact concerning a defect in the rented premises, unless the [defendant] *knows or has reason to know* of the defect.") (emphasis added). !

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

Here, the *gravamen* of Plaintiffs' claims is that every single Oven contains an alleged defect that renders the glass "predisposed to explode" (ACAC ¶ 8).  Rather than allege specific facts to establish Breville's knowledge of this supposed defect, however, Plaintiffs instead speculate that Breville had "exclusive knowledge" of the alleged defect through (1) its quality control and pre-release testing of the product, (2) warranty claims and repair orders, (3) its "reputation management," and (4) consumer complaints, including complaints submitted to the United States Consumer Product Safety Commission ("CPSC").  ACAC ¶¶ 13, 156.  But the ACAC alleges no specific facts or details to suggest that that Breville had knowledge of the alleged defects through internal company sources (categories (1)-(3)).  These conclusory allegations thus fail to raise any inference of Breville's knowledge.  *See Stewart v. Electrolux Home Prods., Inc.*, No. 1:17-cv-01213-LJO-SKO, 2018 WL 1784273, at *9 (E.D. Cal. Apr. 13, 2018) (rejecting "general allegations" about internal testing and quality controls because there is no "presumption of knowledge on the part of any large manufacturer of any alleged defect in its product line").

Nor do Plaintiffs allege sufficient facts under category (4) to salvage their fraud claims.  The ACAC attempts to evade pleading Breville's requisite pre-sale knowledge by reproducing 39 unverified and mostly anonymous online complaints of customers whose Ovens broke from unknown causes.  ACAC ¶ 80–82.[1]  These complaints, however, do not show that Breville knew of any defect.

First, those online complaints are publicly available, even if Plaintiffs failed to locate them during their pre-purchase "research."  ACAC ¶¶ 46, 54, 67.  Of course, if information is available to the general public, no duty to disclose arises.  *See, e.g.*, *Andren v. Alere, Inc.,* 207 F. Supp. 3d 1133, 1142 (S.D. Cal. 2016) (allegations of published study regarding testing of subject devices, warning letter posted on FDA's website, and recall letters issued to consumers "demonstrate that the material facts were not within the exclusive knowledge of Defendants but available to the public"); *Herron v. Best Buy Co*., 924 F. Supp. 2d 1161, 1175 (E.D. Cal. 2013) (no duty to disclose when "Plaintiff could have readily recognized any deficiencies in his Laptop's battery life, and

---

[1]      Several of these complaints fail to identify the model of Breville oven at issue and thus are insufficient to support a claim for fraudulent concealment of product defect.  *See Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 800 (N.D. Cal. 2019).

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 13 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

1   Plaintiff purchased his Laptop more than nine months after information criticizing MM07 was

2   disseminated") (quotation omitted); *Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2009 WL

3   2969467, at *4 (N.D. Cal. Sept. 14, 2009) ("[b]ased on Plaintiffs own allegations" that information

4   regarding the computer feature at issue was publicly available" the complaint has "not alleged facts

5   that show Acer had exclusive knowledge of the material facts and that Plaintiffs could not have

6   reasonably discovered such facts"). That is exactly the case here.

7         Second, only three of the online complaints listed in the ACAC were posted to Breville's

8   website. *Id.* ¶ 79. But these complaints are undated, stating only that they were posted "a year

9   ago" or "four months ago." *Id.* Accordingly, they have no bearing on Breville's pre-sale

10  knowledge of an alleged defect. *Id.*, *see Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS, 2011

11  WL 317650 (N.D. Cal. Jan. 28, 2011) (holding anecdotal complaints without dates or any other

12  information are insufficient to allege that defendant possessed knowledge of the putative defect).[2]

13        Third, 26 of the online complaints referenced in the ACAC were posted on a third-party

14  website. Plaintiffs do not even attempt to allege facts that might explain how or why Breville would

15  have knowledge of the contents of anonymous posts to non-Breville websites. Indeed, the ACAC

16  contains no factual support showing that Breville sees any complaints posted to third-party

17  websites.

18        Fourth, Plaintiffs allege that ten complaints filed with the CPSC establish Breville's pre-

19  sale knowledge. One of those complaints is dated May 15, 2022, which is after all three Plaintiffs

20  purchased their Ovens and so obviously has no bearing on Breville's pre-sale knowledge of the

21  alleged defect. ACAC at p. 41. Seven of the other CPSC complaints indicate either that the Oven

22  was returned to the retailer—*not Breville*—or that Breville was unable to investigate the incident

23  because it was impossible to speak with the customer. There thus is no indication in these

24  complaints that Breville was informed of the alleged defect. Only two CPSC complaints indicate

25  that Breville made contact with the consumer after the incident, and in both instances, the complaint

26

27  _____

    [2]        There are at least 1,641 customer reviews of the Oven posted on Breville's website, so the
28  three complaints on which Plaintiffs rely comprise a miniscule fraction of those reviews. *See*
    https://www.breville.com/us/en/products/ovens/bov900.html (last viewed Sept. 24, 2023).

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

shows that Breville promptly replaced the customer's Oven and "requested that the consumer return the product to Breville for testing and analysis with a pre-paid return label."  ACAC at p. 39 & 40. There is no indication the unit was returned in either case but, even if there were, these two complaints do not come within a country mile of adequately pleading Breville's pre-sale knowledge of a systematic defect in all of its Ovens.  *See, e.g.*, *Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2017 WL 3283998, at \*7 (N.D. Cal. Aug. 1, 2017) ("the Ninth Circuit has held that consumer complaints suffice to establish knowledge only where there were an *unusual* number of complaints, such that the manufacturer would be on notice of a specific problem") (italics in original) (citing *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1026 (9th Cir. 2017) (noting allegations of "as many as 40 or 50 different consumer complaints, … which was an unusually high number of complaints" about the issue); *Baba*, 2011 WL 317650, at \*3 ("Awareness of a few customer complaints … does not establish knowledge of an alleged defect."); *Berenblat v. Apple, Inc.*, No. 08-4969 JF (PVT), 2010 WL 1460297, at \*8 (N.D. Cal. Apr. 9, 2010) ("350+ complaints" made directly to defendant "[b]y themselves they are insufficient to show that Apple had knowledge that the memory slot in fact was defective and sought to conceal that knowledge from consumers"). !

Accordingly, none of the alleged online complaints alleged show that Breville knew of the alleged defect or "intended to defraud [P]laintiff[s]."  *See Ashgari*, 42 F. Supp. 3d at 1325-26; *Wilson*, 668 F.3d at 1147.  As a result, they cannot carry water for Plaintiffs' fraud-based claims.

> **3.    Plaintiffs' fraudulent omission/concealment claim (Count XIII), UTPCPL claim (Count VII), and MCPA claim (Count XI) are barred by the economic loss doctrine.**

California law prohibits a plaintiff from recovering purely economic losses under a fraudulent concealment cause of action.  *See, e.g.*, *Tappana v. Am. Honda Motor Co., Inc.*, No. CV21-9046 DSF (PLAx), 2022 WL 2526971, at \*7–8 (C.D. Cal. July 5, 2022) (collecting cases); *In re Big Heart Pet Brands Litig.*, No. 18-cv-00861-JSW, 2019 WL 8266869, at \*22 (N.D. Cal., Oct. 4, 2019) (negligent misrepresentation claim is "a claim for breach of express warranty in disguise" barred by economic loss doctrine); *Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 968 (N.D. Cal. 2016) ("a negligent misrepresentation claim paralleling a contract claim that prays only for economic damages will be barred by the economic loss rule unless

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 15 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

the plaintiff alleges both that the defendant made an affirmative misrepresentation, and that the defendant's misrepresentation exposed the plaintiff to independent personal liability"). "Economic loss" in this context consists of damages for inadequate value, costs of repair, and replacement of the defective product. *In re Big Heart Pet Brands Litig.*, 2019 WL 8266869, at *21.

Similarly, Pennsylvania law bars claims for economic loss under the UTPCPL where the alleged representation concerns the specific matter of the warranty, "such as the 'quality or characteristics of the goods sold.'" *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 490 (E.D. Pa. 2016).

And Maryland law prevents plaintiffs from recovering "economic loss suffered when the product fails to meet the contractual expectations of the purchaser." *Morris v. Osmose Wood Preserving*, 667 A.2d 624, 631 (1995).

Plaintiffs here seek damages for themselves and the putative classes for "an ascertainable loss of money, and/or property, and/or value," as well as reimbursement of out-of-pocket expenses, caused by the alleged defect in the Ovens. ACAC ¶¶ 17, 207. In fact, the ACAC expressly declares that Plaintiffs "disclaim any intent or right to seek any recovery in this action for personal injuries or emotional distress." *Id.* ¶ 106. In other words, Plaintiffs allege only purely economic damages. As such, their fraudulent omission, UTPCPL, and MCPA claims are barred.

### 4. Plaintiffs' FAL claim (Count IV) fails to identify any false statements by Breville that could mislead a reasonable consumer.

"There can be no FAL claim where there is no 'statement' at all." *Nosrcia v. Samsung Telecomms. Am., LLC*, No. 14-CV-00582-JD, 2015 WL 4967247, at *8 (N.D. Cal. Aug. 20, 2015); *see also Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1222 (C.D. Cal. 2012) (dismissing FAL claim "based on omissions, not misleading statements or partial representations"). Thus, "[w]hen the crux of a plaintiff's FAL claim is that the defendant did not make any statement at all about a subject, then a claim under the FAL may not advance." *Hodsdon v. Mars, Inc.*, 162 F.Supp.3d 1016, 1023 (N.D. Cal. 2016). That is exactly the case here.

The ACAC on its face fails to allege any affirmative statement by Breville relating to the alleged defect. Instead, Plaintiffs allege that Breville has represented that it is "safety conscious"

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 16 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

(ACAC ¶ 35), sells "high end kitchen & cooking appliances" (*id.* ¶ 32), and "touts the superiority and functionality of the Oven [by] stating 'not all superheroes wear capes'" (*id.* ¶ 34).  Plaintiffs also baldly allege that they "viewed and/or read multiple advertisements and marketing materials from Breville, including brochures and/or internet advertisements … touting Breville countertop ovens' reliability, durability, and superiority over competitive offerings."  *Id.* ¶¶ 45, 54, 67.  But these conclusory allegations do not identify any supposedly false statements, nor do they provide any particularized facts explaining why the non-specified statements are untrue or misleading.  *See*, *e.g.*, *id.* at ¶ 299.  Such generalized pleading patently is insufficient to make out an FAL claim.

> ### 5. The statements Plaintiffs allege in their ACAC are mere puffery and not actionable under state consumer protection laws.

In order to make out a claim under the consumer protection statutes of California, Pennsylvania, Virginia, and Maryland, a plaintiff must sufficiently allege that the defendants' statements are misleading to a reasonable consumer.  *See Williams v. Gerber Prod. Co.,* 552 F.3d 934, 938 (9th Cir. 2008) (UCL, FAL, and CLRA claims are "governed by the 'reasonable consumer' test[]"); *Allen v. FCA US LLC*, No. 6:17-CV-00007, 2017 WL 1957068, at *3 (W.D. Va. May 10, 2017) (dismissing VCPA claims because representation vehicle is "safe for use" is "mere puffery and not actionable"); *Landau v. Viridian Energy PA, LLC*, 223 F.Supp.3d 401, 418 (E.D. Pa. 2016) (UTPCPL requires allegations of "conduct that is likely to deceive a *consumer acting reasonable* under similar circumstances") (emphasis added); *Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 558 (D. Md. 2012) ("In Maryland, whether a statement is 'misleading' is judged from the point of view of a reasonable, but unsophisticated consumer."); *Tate v. Colony House Builders, Inc.*, 508 S.E.2d 597, 600 (Va. 1999) (representation that dwelling is "of the highest quality" did "not constitute fraud" under Virginia law "because [such] statements … are generally regarded as mere expressions of opinion which cannot rightfully be relied upon").

In the Ninth Circuit, a statement may be false or misleading to the reasonable consumer only where the plaintiff "show[s] that 'members of the public are likely to be deceived.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016).  A mere possibility that "some few consumers" might misunderstand the statement is insufficient; rather, the reasonable consumer standard

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 17 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

requires a probability "that a significant portion of the general consumer public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*

The ACAC fails to allege any statements by Breville about the Oven that might trigger liability under these state statutes.  Indeed, the alleged representations that Breville is "safety conscious" or that the Ovens are "high end" and "superheroes [without] capes" are generalized marketing statements that cannot mislead a reasonable consumer.  Indeed, such claims that the Oven is superior to competitors' products are just the sort of vague and unspecified statements that courts routinely hold are non-actionable because they are not "specific and measurable claim[s], capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1040 (N.D. Cal. 2014); *see also Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990) (defendant's advertisement of "lower costs and superiority over" competitors "constitutes puffery and is not actionable" under Lanham Act).  Plaintiffs' claims under the UCL (Count II), CLRA (Count III), FAL (Count IV), UTPCPL (Count VII), VCPA (Count IX), and MCPA (Count XI) therefore should be dismissed for this independent reason.

### D.   Plaintiffs' UCL, CLRA, And FAL Claims (Counts II-IV) Fail For Independent Reasons.

#### 1.   Plaintiffs are not entitled to equitable relief under the UCL, CLRA, or FAL because the ACAC alleges an adequate remedy at law.

A plaintiff's claims for equitable relief under California's consumer protection statutes— including the UCL, CLRA, and FAL—properly are dismissed at the pleading stage where the complaint fails to allege facts sufficient to "establish that she lacks an adequate remedy at law." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of UCL and CLRA claims where plaintiff "concedes that she seeks the same sum in equitable restitution as 'a full refund on the purchase price' … as she requested in damages" under other causes of action); *see also Catalan v. Koki Holdings Am., Ltd.*, No. CV 21-1451-MWF (AFMx), 2021 WL 2791630, at *4-5 (C.D. Cal. Apr. 5, 2021) ("monetary damages are not available under the UCL"); *Sonneveldt v. Mazda Motor of Am., Inc.*, No. 8:19-cv-01298-JLS-KES, 2021 WL 62502, at *17 (C.D. Cal. Jan. 4, 2021) ("because Plaintiffs have not pointed the Court to any factual allegations demonstrating

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 18 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

1   the inadequacy of legal remedies, they have failed to demonstrate statutory standing for equitable

2   relief under the UCL and CLRA"); *Shin*, 2017 WL 3534991, at *3 ("Courts often analyze" UCL,

3   CLRA, and FAL claims "together 'because they share similar attributes'") (citation omitted).

4   These foundational equitable principles apply regardless of whether plaintiffs state a legally

5   sufficient claim.  *See Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017) ("It

6   matters not that a plaintiff may have no remedy if her other claims fail.").  Plaintiffs cannot sustain

7   their UCL, CLRA, and FAL claims here because they have an adequate remedy at law.

8       The conduct underlying the equitable claims alleged in the ACAC is identical to the conduct

9   underlying the fraud and warranty claims alleged at law:  it all arises from Breville's supposed

10  knowledge of and failure to disclose the alleged defect when it sold the Ovens.  *See* ACAC ¶¶ 13–

11  16, 89–97, 125, 140, 142, 151–159, 167–170, 180, 190, 231, 299–300.  The ACAC seeks monetary

12  damages in connection with the fraud and warranty claims, including a full refund of the purchase

13  price of the Oven.  *E.g.*, *id.* ¶ 21 & Prayer.  These alleged monetary damages would make Plaintiffs

14  whole, so Plaintiffs do not and cannot allege an inadequate remedy at law.  Their UCL, CLRA, and

15  FAL claims therefore should be dismissed.

16          **2.      Plaintiffs' UCL claim fails to allege unlawful or unfair conduct.**

17      Plaintiffs UCL claim (Count II) fails under both the unlawful and unfair conduct theories

18  alleged in the ACAC.

19      The UCL's "'unlawful practice' prong … 'borrows violations of other laws' and makes

20  them independently actionable." *Coffen v. Home Depot U.S.A. Inc.*, No. 16-CV-03302-PJH, 2016

21  WL 4719273, at *7 (N.D. Cal. Sept. 9, 2016).  If there "is no predicate unlawful violation, there is

22  no UCL 'unlawful' claim."  *Antman v. Uber Techs., Inc.*, No. 15-CV-01175-LB, 2018 WL

23  2151231, at *12 (N.D. Cal. May 10, 2018); *see also Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d

24  1074, 1094 (N.D. Cal. 2017).  Plaintiffs' UCL claim is predicated on alleged violations of the CLRA

25  and FAL.  ACAC ¶ 139.  But, as explained above, Plaintiffs' claims under those statutes fail for multiple

26  reasons.  Their claim under the UCL unlawful prong thus necessarily also fails as a matter of law.

27      The UCL unfair-prong claim alleged in the ACAC based on Breville's supposed "fraud by

28  omission" fares no better.  Courts apply two tests to determine the viability of unfair-prong claims.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 19 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

Plaintiffs fail the "balancing test" because they do not allege any facts suggesting that Breville's actions were "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Valencia v. Wells Fargo Home Mortgage Inc.*, No. C 14-3354 CW, 2014 WL 5812578, at *6 (N.D. Cal. Nov. 7, 2014). Plaintiffs likewise fail the "tethering test" because they do not allege how their UCL claim is "tethered to specific constitutional, statutory, or regulatory provisions." *See Gardner v. Safeco Ins. Co. of Am.*, No. 14-CV-02024-JCS, 2014 WL 2568895, at *5 (N.D. Cal. June 6, 2014) (dismissing UCL claim where plaintiff "has not identified any 'specific constitutional, statutory, or regulatory provisions' that prohibit Safeco's alleged conduct"). In other words, Plaintiffs' UCL unfair-prong claim fails because the unlawful-prong claim is inadequately pled. "[W]here the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive." *Shin v. Campbell Soup Co.*, No. CV17-1082-DMG (JCx), 2017 WL 3534991, at *7-8 (C.D. Cal. Aug. 9, 2017); *see also Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1028 (N.D. Cal. 2012) (dismissing unfair prong claim where plaintiff failed to sufficiently allege that "[defendant]'s conduct was misleading ….").

**E.      Plaintiffs' Unjust Enrichment Claim (Count XII) Fails Because Breville's Limited Warranty Is A Written Contract Between the Parties.**

California law is clear that "unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996); *see also Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'"). It is well established that a written warranty "represents an enforceable, express contract, such that quasi-contract principles do not apply." *Bostick v. Gen. Motors, LLC*, 5:19-cv-02451-VAPSPx, 2020 WL 13283478, at * 9 (C.D. Cal. July 22, 2020). Plaintiffs' unjust enrichment claim thus should be dismissed because Breville's Limited Warranty is a valid, express contract with Plaintiffs. *See, e.g.*, *Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1032 (N.D.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 20 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

1    Cal. 2016) (dismissing unjust enrichment claim because "express contract" is alleged so "no quasi-

2    contract claim may stand").

3          **F.      "Declaratory Relief" (Count XIV) Is Not An Independent Cause Of Action.**

4          It is axiomatic that declaratory relief is a remedy, not a cause of action.  *E.g.*, *Roberts v.*

5    *L.A. Cnty. Bar Ass'n*, 129 Cal. Rptr. 2d 546, 555 (Cal. Ct. App. 2003) ("an injunction is a remedy,

6    not a cause of action"); *see also Stock W., Inc. v. Confederated Tribes of the Colville Reservation*,

7    873 F.2d 1221, 1225 (9th Cir. 1989) ("[Declaratory Judgment] Act only creates a remedy and is

8    not an independent basis for jurisdiction.").  Plaintiffs' request for declaratory relief is untethered

9    to any other cause of action (*see* ACAC ¶¶ 304-306), and so should be dismissed.

10         **G.      Plaintiffs' Class Claims Should Be Stricken Because They Are Not Amenable
              To Class Treatment.**

11

12         Even if the ACAC somehow stated a claim sufficient to survive a Rule 12(b)(6) motion

13   (and it does not), the class claims in that pleading still should be stricken pursuant to Rules 12(f)

14   and 23 because they are "overbroad" and "inconsistent with the Plaintiffs' theory of the case."

15   *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1044 (N.D. Cal. 2014); *see also Ramirez v. Baxter Credit*

16   *Union,* No. 16-CV-03765-SI, 2017 WL 1064991, at *7-8 (N.D. Cal. Mar. 21, 2017).  A plaintiff

17   may only sue in a representative capacity if, among other requirements, she can show that (a) the

18   proposed class is ascertainable; (b) there are "questions of law or fact common to the class" and

19   "the claims or defenses of the representative parties are typical of the claims or defenses of the

20   class;" and (c) "the questions of law or fact common to class members predominate over any

21   questions affecting only individual members."  Fed. R. Civ. P. 23(a), (b); *Sanders v. Apple Inc.*,

22   672 F. Supp. 2d 978, 991 (N.D. Cal. 2009).  Plaintiffs purported classes satisfy none of these

23   criteria.

24                     **1.      The proposed classes are fatally overbroad.**

25         Plaintiffs allege in conclusory fashion that each "viewed multiple advertisements from

26   Breville, including internet advertisements" that touted "Breville countertop ovens' reliability,

27   durability, and superiority over competitive offerings."  ACAC ¶¶ 46, 54, 67.  None, however,

28   allege that they relied on these general advertisements.  *Id.*  It is impossible to determine based on

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 21 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

1   such conclusory allegations which Breville representation each Plaintiff saw and relied upon when

2   purchasing his or her Oven.  Yet, even if the ACAC contained this information, it is a matter of

3   common sense that not every consumer purchased the Oven for the same reasons as Plaintiffs

4   (whatever those specific reasons were).  Consumers could have purchased the Oven because of

5   Breville's brand recognition for "high end kitchen & cooking appliances" (*id.* at ¶ 32), because of

6   its Limited Warranty, because they liked the way it looks, or because of innumerable other reasons.

7          Notwithstanding the virtually endless array of reasons consumers might choose to purchase

8   the Oven, Plaintiffs seek to pursue a nationwide class and single-state classes under the laws of

9   California, Pennsylvania, and Virginia, which they define as follows:

10         During the fullest period allowed by law, all persons residing in the United
           States who own or owned the Oven (the "Nationwide Class")

11         During the fullest period allowed by law, all persons residing in the State of
           [California/Pennsylvania/Virginia] who own or owned the Oven (the "[State]
12         Subclass")

13  *Id.* ¶ 104.

14         Plaintiffs' proposed classes are patently overbroad because they necessarily include

15  individuals who purchased their Oven by relying on different representations by Breville than

16  Plaintiffs relied upon, or upon no representations at all.  These classes never could be certified

17  because determining why each class member decided to purchase an Oven is an inherently

18  individualized inquiry that is ill-suited for class treatment.  *Sanders*, 672 F. Supp. 2d at 991 ("If the

19  proposed class were to be certified, the Court would be forced to engage in individual inquiries of

20  each class member with respect to materiality of the statement, whether the member saw Apple's

21  advertisements or visited Apple's website, and what caused the member to make the purchase.").

22         Similarly, the proposed classes are overbroad for the independent reason that they include

23  consumers who purchased and used their Ovens without ever having the tempered glass window

24  shatter.  These individuals have suffered neither damage nor loss that might give them standing to

25  pursue claims in their own name.  Of course, "no class may be certified that contains members

26  lacking Article III standing ….  The class must therefore be defined in such a way that anyone

27  within it would have standing." *Sanders*, 672 F. Supp. 2d at 991 (striking class allegations at

28  pleading stage for lack of class standing because class definition "necessarily includes …

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 22 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

1    individuals who either did not see or were not deceived by advertisements, and individuals who

2    suffered no damages"). The ACAC does not and cannot define the proposed classes in any way to

3    give standing to consumers who never had the glass of their Ovens shatter.

4                      **2.    The proposed classes are not ascertainable.**

5          A class definition should be "precise, objective, and presently ascertainable." *Kas v.*

6    *Mercedes-Benz USA, LLC*, No. CV 11-1032-GHK PJWX, 2011 WL 5248299, at *3 (C.D. Cal. Oct.

7    31, 2011). Whether a class is ascertainable depends on whether the definition makes it

8    administratively feasible for the Court to determine "whether a particular individual is or is not a

9    member of the proposed class." *Id.*

10         Plaintiffs cannot meet this standard here because the ACAC makes clear that potential class

11   members cannot be identified. Plaintiffs allege that Breville has earned "hundreds of millions of

12   dollars" (ACAC ¶ 179) by selling the Oven through a broad "network of authorized retailers" (*id.*

13   at ¶ 52). As a business that sells its products to retailers, who in turn sell them to consumers,

14   Breville lacks a comprehensive list of consumers who purchased the Oven and has no way of

15   identifying them, precluding class certification. Indeed, the unworkable nature of Plaintiffs' class

16   is tacitly acknowledged in the ACAC. *Id.* at p. 37 (Breville comment to anonymous consumer

17   complaint stating that it was unable to contact and speak with the consumer without that consumer

18   providing his or her contact information); *see also Red v. Kraft Foods, Inc.,* No. CV 10-1028-GW

19   AGRX, 2012 WL 8019257, at *4 (C.D. Cal. Apr. 12, 2012) (court "gravely concerned about

20   ascertainability" because court "fails to see how it will be—as it must be—'*administratively*

21   *feasible* to determine whether a particular person" was exposed to the defendant's misleading

22   statement) (emphasis in original).

23         The impossibility of identifying the putative class members is only compounded by the

24   overbroad nature of the class definitions. As explained above, Plaintiffs' classes must consist of

25   individuals who relied on the same product materials as Plaintiffs to purchase the Oven and whose

26   Ovens "spontaneously exploded" because of nickel sulfide inclusions and *not* some other reason,

27   like misuse. But there obviously is no feasible way to ascertain any such individuals here.

28

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 23 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

### 3.    Plaintiffs cannot satisfy Rule 23(a)'s requirement of typicality.

The typicality requirement of Rule 23(a) is satisfied only when the claims or defenses of the representative parties are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a); *see, e.g.*, *Castillo v. Bank of Am., NA*, 980 F.3d 723, 729 (9th Cir. 2020). Here, questions of law and fact are not common across the putative classes and Plaintiffs' claims and Breville's defenses are not typical of the putative class claims, not least because the ACAC's class definition necessarily encompasses consumers who are subject to different and at times conflicting state laws. For example, at least one federal court in California has held that the Virginia Consumer Protection Act directly conflicts with California's consumer protection statutes. *See Lloyd v. Navy Fed. Credit Union*, No. 17-cv-1280-BAS-RBB, 2018 WL 1757609, at *5 (S.D. Cal. Apr. 12, 2018) ("Both the CLRA and UCL reflect multiple fundamental policies of the state of California aimed at protecting California consumers with which Virginia law conflicts.").

The ACAC further fails to allege facts sufficient to meet the typicality requirement because Plaintiffs do not even identify which Breville representation they relied on when deciding to purchase their Oven, instead pointing vaguely to "multiple advertisements and marketing materials from Breville." ACAC at ¶¶ 46, 54, 67. As noted above, however, many consumers purchased their Ovens for reasons wholly apart from Breville's marketing statements, such as word-of-mouth or seeing the product in retail stores, so Plaintiffs' experiences are not typical of the class.

Similarly, Breville's defenses would differ for every consumer whose glass window actually did shatter, as some may have caused the issue through misuse rather than any alleged defect, which would necessarily exclude them from the class. Indeed, as is readily apparent from the face of the ACAC, the only "fact" common to all class members, as the class is defined, is that they own an Oven. This falls far short of pleading the typicality requirement of Rule 23(a).

### 4.    Plaintiffs cannot satisfy Rule 23(b)(3)'s predominance requirement.

Rule 23(b)(3) requires the Court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members." Putative class claims "must depend upon a common contention," and that common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 24 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO

1    falsity will resolve an issue that is central to the validity of each of the claims in one stroke." *Wal-*
2    *Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  "What matters to class certification … is not
3    the raising of common 'questions'—even in droves—but, rather the capacity of a classwide
4    proceeding to generate common answers apt to drive the resolution of the litigation.  Dissimilarities
5    within the proposed class are what have the potential to impede the generation of common
6    answers." *Id.*

7        In light of this principle, it is unsurprising that courts routinely hold that fraud and warranty
8    claims like those brought by Plaintiffs cannot be certified.  *See, e.g.*, *Sanders*, 672 F. Supp. 2d at
9    991, citing *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724-30 (5th Cir.2007) (discussing why
10   warranty claims are inappropriate for class treatment) & *Castano v. Am. Tobacco Co.*, 84 F.3d 734,
11   745 (5th Cir.1996) ("a fraud class action cannot be certified when individual reliance is an issue").

12       The ACAC's proposed classes do not satisfy the predominance requirement because the
13   only element of Plaintiffs' claims that can be proven through common evidence is whether Breville
14   made an alleged misrepresentation.  But the remaining elements of Plaintiffs' claims—whether the
15   class members relied or based their purchasing decision on a particular representation and whether
16   the glass of the member's Oven spontaneously exploded due to nickel sulfide inclusions or for
17   some other reason, such as misuse—must be litigated on an individual basis.  Such individual
18   inquiries are not compatible with representative litigation.  *See Sanders*, 672 F. Supp. 2d at 991.

19   **V.    CONCLUSION**

20       For all of the foregoing reasons, the ACAC should be dismissed in its entirety under Rules
21   12(b)(6) and 9(b).  In the alternative, if any causes of action survive, the ACAC's class claims
22   should be stricken under Rules 12(f) and 23.

23                                 Respectfully submitted,

24                                 **ARENTFOX SCHIFF LLP**

25                                 By: */s/ Jeffrey D. Skinner*
26                                     Jeffrey D. Skinner
                                       Brian J. Hamilton

27                                 *Attorneys for Defendant Breville USA, Inc.*

28   Dated:  October 13, 2023

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 25 -

MOTION TO DISMISS AND
TO STRIKE CLASS ALLEGATIONS
3:23-CV-03099-AMO